UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 26-898-DMG (ASx) | Date | March 9, 2026 |
|---|---|---|---|
| Title | *Sonia Devi v. Fereti Semaia, et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION [3] AND FOR RESPONDENTS TO HOLD BOND HEARING**

Petitioner Sonia Devi filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. # 1] and a "Motion for Temporary Restraining Order" [Doc. # 3] on February 24, 2026. On the same day, the Court converted the Motion to a Motion for a Preliminary Injunction ("MPI") and issued an expedited briefing schedule. A hearing on the MPI was held on March 9, 2026. [Doc. # 5.] For the reasons set forth in this Order, the Court **GRANTS** the MPI and **ORDERS** Respondents to provide Devi with a bond hearing.

## I.
## DISCUSSION

Devi is a native and citizen of India who entered the United States on or about October 7, 2024 without presenting herself for inspection or seeking admission. [*See* Doc. # 3-1 at 8–9.] She was detained and released on the same date. *See id.* The Department of Homeland Security began removal proceedings by filing a Notice To Appear ("NTA") before an immigration judge that charged her with being an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" in violation of 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* Devi subsequently applied for asylum. *Id.* at 12.

Devi was re-detained by ICE on November 20, 2025 and remains detained at the Adelanto ICE Processing Center. *See* Doc. # 3-1 at 6. Devi asserts that she is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a), contrary to Respondents' policy that she is subject to mandatory detention. *See generally* MPI. In her MPI, Devi requests her immediate release.

In the responsive brief, Respondents acknowledge that Devi "appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. [ED CV 25-01873-SSS (BFM)], --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)[.]" [Doc. # 7 at 2.] As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-898-DMG (ASx) | Date | March 9, 2026 |
| Title | *Sonia Devi v. Fereti Semaia, et al.* | Page | 2 of 3 |

such, they assert the appropriate remedy consistent with similar cases is "to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days." *Id.* In her reply brief, Devi responds directly to this proposal, requesting that the Court grant her petition, order a bond hearing within seven days or sooner, and order that such a hearing comply with due process. [Doc. # 8 at 3.]

Because there is no dispute that Devi is part of the *Bautista* class, has not received a bond hearing, and is entitled to one, Devi has shown she will prevail on the merits of her bond hearing claim. The appropriate remedy is a bond hearing with further recourse in this Court if Respondents fail to provide a hearing that complies with due process. The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

Devi requests that the Government bear the burden of proof at any such hearing. Reply at 8. Respondents erroneously subjected Devi to mandatory detention under § 1225, depriving her of process to which she is statutorily entitled under § 1226(a). Moreover, her release from custody after her initial apprehension reflected a determination by the Government that she was neither a flight risk nor a danger to the community, and she has a strong interest in remaining at liberty until she no longer meets those criteria. *See* 8 C.F.R. § 1236.1(c)(8). Thus, the Court joins other courts in agreeing that the burden under these circumstances should be on the Government at the bond hearing by clear and convincing evidence, as a remedial measure. *See Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976); *accord M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *14 (E.D. Cal. Nov. 24, 2025) ("Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025).

## II.
## CONCLUSION

In light of the foregoing, the MPI is **GRANTED**. Within seven days of this Order, Respondents must provide Devi with a meaningful individualized bond hearing under 8 U.S.C. § 1226(a) that is consistent with this Order or they must release Devi. The Government shall bear the burden of establishing, by clear and convincing evidence, that Devi poses a danger to the community or is a risk of flight.

The parties shall meet and confer and file a joint status report regarding Respondents' compliance with this Order by **March 23, 2026**. The joint status report shall also address whether the habeas petition is moot and, if not, what issues remain for decision and whether the parties intend to stand on the existing briefing or propose a briefing schedule for the remaining issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 26-898-DMG (ASx)** | Date | March 9, 2026 |
|---|---|---|---|
| Title | ***Sonia Devi v. Fereti Semaia, et al.*** | Page | 3 of 3 |

Absent the parties' mutual agreement that the petition is moot and the filing of a stipulation of dismissal, decision on whether the matter is moot and the remainder of these proceedings will be handled by the assigned United States Magistrate Judge, pursuant to the Notice of Reference. [Doc. # 4.]

**IT IS SO ORDERED**.