**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SONIA DEVI, | ) | NO. EDCV 26-0898-AS |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM DECISION AND ORDER** |
| FERETI SEMAIA, et al., | ) | |
| Respondents. | ) | |

On February 24, 2026, Sonia Devi ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging her ongoing civil immigration detention at the Adelanto ICE Processing Center within this District. (Docket ("Dkt.") No. 1). That same day, Petitioner filed a Motion for a Temporary Restraining Order, which the Court converted to a Motion for a Preliminary Injunction. (Dkt. Nos. 3, 5).

On March 9, 2026, the Court granted Petitioner's Motion for a Preliminary Injunction and ordered Respondents to provide Petitioner, within seven days, "with a meaningful individualized bond hearing under

8 U.S.C. § 1226(a)" or to release Petitioner. (Dkt. No. 12). The Court also ordered the parties to file a Joint Status Report by March 23, 2026. (Id.). Additionally, the Court stated that, unless the parties agreed the petition was moot and stipulated to dismissal, a "decision on whether the matter is moot and the remainder of these proceedings will be handled by the assigned United States Magistrate Judge, pursuant to the Notice of Reference." (Id.).

On March 23, 2026, the parties filed a Joint Status Report indicating that a bond hearing was held but Petitioner was not released. (Dkt. No. 13).

On April 6, 2026, the Court ordered Respondents to file an expedited response to the pending Petition. (Dkt. No. 14). Respondents filed an Answer on April 13, 2026, and Petitioner filed a Reply on April 20, 2026. (Dkt. Nos. 15-16). In their Answer, Respondents assert the Petition is moot, there is no jurisdiction to contest an immigration judge's bond decision, and Petitioner failed to exhaust her administrative remedies. (Dkt. No. 15). In her Reply, Petitioner argues that the Petition is not moot because she is challenging the constitutional adequacy of the bond hearing she received, this Court has jurisdiction over Petitioner's claims, and any failure to exhaust should be excused. (Dkt. No. 16).

On April 22, 2026, in light of the parties' arguments, the Court ordered Respondents "to file in this Court by no later than April 27, 2026, the [Immigration Judge's] Order denying Petitioner bond and the transcript of Petitioner's bond hearing held in response to the Court's

March 9, 2026 Order." (Dkt. No. 17). Alternately, the Court required Respondents, if they were unable to obtain the transcript, to "file a declaration by April 27, 2026, stating why and providing the Court with any other available information about this matter." Id.

On April 24, 2026, Respondents filed a Response to the Court's Order stating "Respondents will not be presenting any opposition argument to Petitioner's request for release. Respondents would consent to the Magistrate Judge's jurisdiction so that this Court may expeditiously enter relief and judgment." (Dkt. No. 18). The parties thereafter consented to proceed before the undersigned Magistrate Judge in this matter. (See Dkt. Nos. 20, 22).

In light of Respondents' non-opposition, it is hereby ORDERED that the Petition (Dkt. No. 1) is **GRANTED**. Respondents shall immediately release Petitioner from immigration custody without the imposition of any restraints on her liberty, such as reporting requirements, GPS, or electronic monitoring. The Court further ORDERS that Respondents shall file a declaration by no later than 5:00 p.m. on April 30, 2026, confirming Petitioner has been released from custody.

IT IS SO ORDERED.

DATED: April 29, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

3